**MEMO ENDORSED**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __5/8/2020__

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

**Matthew D. Ingber**
Direct Tel +1 212 506 2373
Direct Fax +1 212 849 5973
mingber@@mayerbrown.com

May 7, 2020

VIA ECF

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

Re:   *Phoenix Light SF DAC, et al. v. The Bank of New York Mellon,* No. 18-cv-1194

Dear Judge Caproni:

Pursuant to Section 5 B(ii) of Your Honor's Individual Practices in Civil Cases, Defendant The Bank of New York Mellon ("BNYM") respectfully moves to redact targeted portions of three expert reports filed as exhibits to BNYM's and Plaintiff Phoenix Light's forthcoming *Daubert* motions. Although Plaintiffs do not join in Sections A–C of this letter, Plaintiffs do not object to BNYM's request and, to the extent it is granted, request permission to file the specified documents in redacted form. Specifically, BNYM seeks leave to redact the following excerpts and any quotations to redacted portions in the parties' briefs:

- § V(B) of the August 8, 2019 Expert Report of Marcel A. Bryar
- § VIII of the January 31, 2020 (Corrected) Expert Report of Ingrid Beckles
- Ex. 6 to the October 3, 2019 Expert Rebuttal Report of Marcel A. Bryar
- Four internal BNYM documents—BNYM_PL2_00197964, BNYM_PL2_00363549, BNYM_PL2_00521570, and BNYM_PL2_00199596—underlying certain of the above analysis.

Ms. Beckles's report and Mr. Bryar's October report will be filed as an exhibit by both parties; Mr. Bryar's August report, and the four individual documents, will be filed as exhibits by Plaintiffs.

The appropriateness of sealing or redacting filed documents is governed by a two-step analysis set out by *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). *Lugosch* first asks whether the materials are "judicial documents." *Id.* at 119. If so, "a common law presumption of access attaches" attaches, and the court "must determine the weight of that presumption." *Id.* at 119.

Mayer Brown LLP operates in combination with other Mayer Brown entities, which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Hon. Valerie E. Caproni
May 7, 2020
Page 2

### A. The expert reports are not judicial documents.

A "judicial document" is one which is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). This comprises a selection of core documents that help the public "understand and evaluate the actions of the courts." *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013). "A complaint is the quintessential judicial document," *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 2016 WL 1071107, at *8 (S.D.N.Y. Mar. 18, 2016) (Caproni, J.), *aff'd*, 814 F.3d 132 (2d Cir. 2016), and summary judgment filings are not far behind. *See Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). "The category of 'judicial documents' should not be readily expanded. The fact that a document is relevant to the subject matter of a judicial proceeding, or that the proceeding was in some way stimulated by the document, does not make it public." *Newsday*, 730 F.3d at 167 n.15.

Expert reports, by contrast, are non-dispositive documents exchanged among parties, and ancillary to litigation. An expert report is merely a preview "of all opinions the witness *will* express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added). It is typically not admissible at trial and may be altogether excluded following a *Daubert* motion. *Winfield v. City of New York*, No. 15-cv-05236, 2017 WL 2880556, at *4 & n.2 (S.D.N.Y. July 5, 2017).

> There is good reason for excluding documents filed in connection with discovery matters from the definition of judicial documents. During discovery, the parties are simply exchanging information, developing claims and defenses, learning information relevant to settlement and identifying possible exhibits for trial. Many documents exchanged in discovery, even if relevant, may never be admitted in trial or in connection with a dispositive motion. This is also true of expert opinions[, for] motions may be filed to exclude expert testimony at trial or in connection with summary judgment motions pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

*Id.* at *4. At the *Daubert* stage, the court is serving in its capacity as gatekeeper of what materials *may* touch upon a judicial analysis, rather than in its capacity as adjudicator of *how* those materials should be analyzed. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Expert reports submitted in connection with such a motion are thus not judicial documents.

### B. BNYM's interest in maintaining the confidentiality of its organizational practices outweighs the public's interest in access.

Non-judicial documents have no presumption of public access. *Maxwell*, 929 F.3d at 49. Even were there such a presumption, moreover, BNYM's interest in preserving the confidentiality of its business practices outweighs the public's interest in access to the proposed redacted portions of the expert reports. Of course, the expert reports do not implicate the First Amendment right of access to the courtroom; they are hardly "a critical component to providing meaningful access to civil proceedings." *Bernstein*, 2016 WL 1071107, at *6. And under the

Hon. Valerie E. Caproni
May 7, 2020
Page 3

lesser common-law standard, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.*

The proposed redactions are specifically targeted at the particular sections of three expert reports and four attendant documents that discuss BNYM's master servicing practices. First, they include a subsection of Mr. Bryar's August 8, 2019 report that draws from dozens of confidential BNYM documents and testimony to paint a picture of the bank's master servicing group. Second, they include a section from Ms. Beckles's January 31, 2020 report that uses a dozen-and-a-half similar documents to do the same. Third, they include Mr. Bryar's response to this section, which quotes heavily from Ms. Beckles's report and cites the same documents. And fourth, they include the actual BNYM documents underpinning the analysis of BNYM's practices.

There is little to be gained by public access to these documents, and the interest of a competitor is not necessarily the interest of the public. *See P'ship for Supply Chain Mgmt. v. United States*, No. 15-900C, 2016 WL 7373891, at *1 (Fed. Cl. Dec. 20, 2016) ("the private interest in preventing a competitor from obtaining an unfair competitive advantage can overcome the public interest in having judicial records be available to the public"). And as the reports' filing with the Court arises solely to assess admissibility, they are adjacent—if not outright equivalent—to determinations of relevance, when the public interest is at its nadir.

**C. The requested redactions are minimal and specifically targeted.**

In any event, the parties are mindful that when seeking to redact information that would otherwise become part of the public record, a "narrowly tailored, robustly justified application" is required. *DXC Tech. Co. v. Hewlett Packard Enter.*, 2019 WL 4621938, at *1 (S.D.N.Y. Sept. 11, 2019) (Caproni, J.). The requested redactions are just that. Though no part of the three reports is a judicial document, the parties seek only to redact one section, one sub-section, one exhibit of the three reports, and four BNYM documents, respectively. These portions are ancillary to the motions; the proposed redactions do not meaningfully impair a reader's understanding of the motions, but they meaningfully protect BNYM's interest in maintaining the confidentiality of its business practices.

We are available to discuss this further at Your Honor's convenience.

Respectfully,

*/s/ Matthew D. Ingber*
Matthew D. Ingber

*/s/ Steven S. Fitzgerald*
Steven S. Fitzgerald

Application GRANTED.

SO ORDERED.

*Valerie Caproni* (signature)
5/8/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE